1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

PAUL R. RIVA and DANIELLE
ARDAGNA

11

Plaintiffs,

12

v.

13

PEPSICO, INC.,

14

Defendant.

CASE NO. 14cv340 JM(JMA)

ORDER GRANTING MOTION TO
TRANSFER VENUE

15      Pursuant to 28 U.S.C. §1404(a), Defendant Pepsico, Inc. ("Pepsi") moves to

16  transfer this action to the district court for the Northern District of California to

17  promote the convenience of the parties and witnesses and in the interests of justice.

18  Plaintiffs Paul R. Riva and Danielle Ardagna (collectively "Plaintiffs") oppose the

19  motion.   Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented

20  appropriate for decision without oral argument.  For the reasons set forth below, the

21  court grants the motion to transfer venue and instructs the Clerk of Court to transfer

22  this action to the Northern District of California.[1]

23                          **BACKGROUND**

24      On January 23, 2014, Plaintiffs commenced this action by asserting subject

25  matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C.

26
27
28

---

[1] In a virtually identical action, Cortina v. Pepsico, Inc., Case No. 14cv168
JM(JMA), the court also grants the motion to transfer venue to the Northern District
of California.

§1332(d)(2)(A).  Plaintiffs assert four state law causes of action for (1) violation of California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 et.seq., (2) violation of California False Advertising Law, Cal. Bus. & Prof. Code § 17500 et.seq., (3) violation of California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et.seq., and (4) negligence - medical monitoring costs sought as relief.  Plaintiff seeks to represent a class of

> all persons who purchased in California during the four years preceding the filing of this Complaint (the "Class Period"), Diet Pepsi, or Pepsi One primarily for personal, family, or household use, and not for resale.

(Compl. ¶21).

The core allegation in this (and nine other putative class actions pending in the Northern District of California) is that certain products manufactured by Pepsi contain 4-methylimidazole ("4-MEI") in violation of California's Safe Drinking Water and Toxic Enforcement Act of 1986 ("Proposition 65").  "4-MEI is an impurity generated during the manufacture of caramel colors III and IV used" in some of Pepsi's soft drinks.  (Compl. ¶9).

There is one state action and nine federal lawsuits pending against Pepsi and asserting the same claims on behalf of the same putative class of California consumers. See Center for Envt'l Health v. Pepsi Bev. Co., Alameda County Superior Court Case No. RG14711020 (filed on Jan. 23, 2014) ("CEH"; Pepsi Exh. E); Cortina v. PepsiCo, Inc.,S.D. Cal. Case No. 14-cv-168-H-JMA (filed on Jan. 23, 2014) ("Cortina"; Ct. Dkt. No. 1); Sciortino v. PepsiCo, N.D. Cal. Case No. 14-cv-478-EMC (filed Jan. 31, 2014) ("Sciortino"; Exh. A); Riva v. PepsiCo, S.D. Cal. Case No. 14-cv-340-JM(JMA) (filed on Feb. 13, 2014) ("Riva"; Exh. B); Langley v. PepsiCo, N.D. Cal. Case No. 14-cv-713-EDL (filed on Feb. 14, 2014) ("Langley"; Exh. C); Aourout v. PepsiCo, C.D. Cal. Case No. 14-cv-1289) (filed on Feb. 20, 2014; transferred to the Northern District on March 5, 2014 [ECF No. 16]) ("Aourout"; Exh. D); Ree v. PepsiCo, C.D. Cal. Case No. 14-cv-328 (filed on Mar. 4, 2014 and transferred to the Northern District) ("Ree"; Exh. F); Hall v. PepsiCo, N.D. Cal. Case No. 14-1099 (filed Mar. 7,

2014) ("Hall;"); <u>Ibusuki v. PepsiCo</u>, N.D. Cal. Case No. 14-1193 (filed Mar. 7, 2014); <u>Granados v. PepsiCo</u>, N.D. Cal. Case No. 14-1316 (filed Mar. 14, 2014). The two cases filed in the Central District of California, <u>Langley</u> and <u>Ree</u>, have been transferred to the Honorable Judge Edward M. Chen in the Northern District of California.  All cases pending in the Northern District of California are scheduled for a Case Management Conference before Judge Chen on May, 29, 2014.

**DISCUSSION**

Pepsi moves to transfer this action to the Northern District of California. Under 28 U.S.C. §1404(a), the court may transfer an action to any other district or division where it might have been brought "[f]or the convenience of the parties and witnesses and in the interest of justice."  <u>Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp</u>, 820 F.Supp. 503, 506 (C.D. Cal. 1992).  A convenience transfer under §1404(a) requires the court to assess a variety of factors and "involves subtle considerations and is best left to the discretion of the trial judge." <u>Sparling v. Hoffman Construction</u>, 864 F.2d 635, 639 (9th Cir. 1988).  The court may consider the convenience of the parties and witnesses, and the promotion of judicial efficiency and economy in determining whether to transfer an action.  <u>Id</u>.  Private factors to be considered include the location where the operative events occurred, the convenience of the parties and non-party witnesses, the location of relevant evidence, the availability of compulsory process, and other practical considerations for the efficient and cost-effective resolution of claims. <u>Decker Coal Co. v. Commonwealth Edison Co.</u>, 805 F.2d 834, 843 (9th Cir. 1986).  Courts also look to the so-called public factors such as relative docket congestion, the local public and jury pool's interest in the controversy, and issues relative to judicial economy.  <u>Id.</u> at 508-09.  Defendants have the burden of demonstrating that transfer is appropriate.  <u>See</u> <u>Commodity Futures Trading Comm'n v. Savage</u>, 611 F.2d 270, 279 (9th Cir. 1981).

While a close issue, the court concludes that a venue transfer is warranted to

promote the fair and efficient resolution of Plaintiff's claims.[2]  Both parties note that efficiency concerns dictate that all actions should proceed in a single forum before the same judge.  The  transfer of <u>Cortina</u> and <u>Riva</u> to the Northern District of California will further these goals.  <u>See</u> <u>Continental Grain Co. v. The FBL-585</u>, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.").  From the record, it appears that the majority of the named parties and proposed class representatives have voluntarily pursued their claims in the Northern District.  Two actions filed in the Central District were transferred to the Northern District (<u>Langley</u> and <u>Ree</u>).  The litigation in the Northern District also appears to have progressed further along the litigation continuum than the Southern District cases as there is a Case Management Conference scheduled for May 29, 2014.  The court also notes that Plaintiff Cortina, in the related action pending in this judicial district, has demonstrated her willingness to pursue claims in the Northern District.  In <u>Winkelman v. Novartis</u>, No. 14-0160 (N.D. Cal., Filed Apr. 3, 2014), (Pepsi Exh. H), Cortina is one of the named class representatives.[3]

While a plaintiff's choice of forum is ordinarily entitled to some deference, that deference is reduced where, like here, there is no prevailing connection between the Southern District and the allegations in this case.  Plaintiffs are pursuing this action as putative class action representatives on behalf of all California consumers.  <u>See</u> <u>Lou v. Belzberg</u>, 834 F.2d 730, 739 (9th Cir. 1987) (while great weight is generally accorded a plaintiff's choice of forum, a plaintiff class representative's choice of forum is given less weight).  As a consumer in either the Northern or Southern District have the same claim to Proposition 65's provisions, this factor does not favor one forum over the other.

---

[2] The parties do not dispute that this action could have been brought in the Northern District.

[3] The court notes that the other so-called private and public interest factors do not favor one forum over the other.

14cv0340

1    Plaintiffs, like Cortina, also argue that, under the first-to-file rule, the other
2 actions should be transferred to this judicial district.   Federal courts have long
3 recognized that the principle of comity requires federal district courts to exercise care
4 to avoid interference with each others's affairs.  See Sutter Corp. v. P & P Industries,
5 Inc., 125 F.3d 914, 917 (5th Cir. 1997).  This so-called first-to-file rule was developed
6 "to serve the purpose of promoting efficiency and should not be disregarded lightly."
7 Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 625 (9th Cir. 1991) (quoting
8 Church of Scientology v. United States Dep't of the Army, 611 F.2d 738, 750 (9th Cir.
9 1979)).  The rule may be invoked "when a complaint involving the same parties and
10 issues has already been filed in another district."  Id.  The first-to-file rule "is not a rigid
11 or inflexible rule to be mechanically applied, but rather is to be applied with a view to
12 the dictates of sound judicial administration." Pacesetter Systs., Inc. v. Meditronic, Inc.,
13 678 F.2d 83, 95-96 (9th Cir. 1982).

14    The court declines to apply the first-to-file rule for four reasons. First, the relative
15 inconvenience for the parties and witnesses is greater in the Southern District than the
16 Northern District. Eight actions are pending before Judge Chen in the Northern District,
17 including two actions (Langley and Ree) originally filed in the Central District and then
18 transferred to the Northern District. The record also reveals that Plaintiff Cortina, in the
19 related Southern District case, is a named plaintiff in another action pending in the
20 Northern District, thus indicating a willingness to litigate in the Northern District.
21 Second, litigation in the Northern District appears to have progressed beyond the status
22 of the present case. The Northern District cases have already been consolidated before
23 Judge Chen and the cases are set for a Case Management Conference on May 29, 2014.
24 Third, all actions, wherever located, are   attorney-driven  statutory consumer class
25 actions and generally require only limited participation of the individual class
26 representative.[4] No actual individual damages need be demonstrated to prevail in these

27

28    [4] The court notes that it is not uncommon for consumer class action attorneys to file actions in many of California's judicial districts.

14cv0340

consumer class actions thereby limiting the role of the named plaintiff.  Further, there is no single judicial district in the State of California which has a paramount interest over any other judicial district in the enforcement of the state's laws.  Finally, the first-to-file rule was not adopted to award the winner of the race to the courthouse with the status of class counsel.  Rather, the rule is intended to promote the efficient use of judicial and private interests.  Here, a transfer of venue to the Northern District furthers these interests and affords counsel for all plaintiffs an opportunity to discuss and pursue the organizational structure of class representation.

Finally, Plaintiffs argue that plaintiff's counsel in one of the pending Northern District of California cases, Langley, has agreed to work with Plaintiffs' counsel in litigating this action in the Southern District of California.  This argument is not persuasive.  The first potentially disputed issue in either district, although frequently agreed to by all of plaintiffs' counsel, will be the structure of class counsel.  Whether resolved in this or the Northern District, the organizational structure of class counsel does not favor one district over the other.

In sum, the court grants the motion for a convenience transfer of venue to the Northern District of California.

**IT IS SO ORDERED.**

DATED:  April 30, 2014

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:          All parties